## Commonwealth v. Weller

*D. E. Teeter*, for Commonwealth.

*Weller, Garnet Roy*, p.p.

SHEELY, P. J., July 8, 1961.—Defendant has filed a petition requesting that he be furnished, at the cost

of the county, with certified copies of certain court records, including the notes of testimony, relating to the above case. His petition was erroneously filed in the court of common pleas but will be transferred to the court of oyer and terminer.

Defendant was convicted by a jury of the crimes of burglary and larceny on February 12, 1960, and on the same day was sentenced to undergo an imprisonment in a State Correctional Institution for a term of not less than two and one-half nor more than five years to begin at the expiration of a sentence imposed in Bedford County which he was then serving. At the trial he was represented by competent counsel appointed by the court. No motion for a new trial or in arrest of judgment was made. The notes of testimony have not been transcribed.

In Commonwealth v. Bishop, 76 D. & C. 302 (1951), we held that under section 2 of the Act of May 1, 1907, P. L. 135, as amended, 17 PS §1802, a defendant convicted in the courts of oyer and terminer and general jail delivery was entitled to receive a copy of the notes of testimony at his trial at the cost of the county without setting forth any alleged irregularity in the proceeding and even though the time for appeal may have elapsed. See also Commonwealth ex rel. Sleighter v. Banmiller, 392 Pa. 133, 142 (1958). Since the date of that decision, section 2 of the Act of 1907 has been amended by the Act of January 8, 1960, P. L. (1959) 2116, by inserting a proviso "if the request or requests for a copy of the notes of testimony are made within 90 days from date of verdict, or at any time if in the discretion of the court such requests should be granted," defendant shall be furnished with a copy of the notes of testimony. The section was also amended by the Act of June 1, 1959, P. L. 340, to provide for the payment of the cost of the transcript by defendant under certain circumstances.

Under this amendment it would seem that the broad rule we announced in Commonwealth v. Bishop would now apply only if the request for a copy of the notes of testimony is made within 90' days of the verdict. After the expiration of the 90-day period, the furnishing of the copy of the notes of testimony at the cost of the county is within the discretion of the court. This discretion is, of course, a legal discretion and its exercise must be based upon finding of facts in the case which would justify its exercise.

All that petitioner in the present case alleges in support of his petition is that he "believes, and therefore avers, that he is unlawfully imprisoned contrary to the Constitution and subsequent laws of the United States, and of the State of Pennsylvania. However, petitioner cannot have access to the courts, state or federal, for remedy, until he has obtained certain court records." This is a most general allegation which fails to allege any facts or to specify what constitutional rights of petitioner were violated or what laws of the United States or of the Commonwealth make his imprisonment unlawful. Consequently, there is no basis for the exercise of the court's discretion to furnish him with a copy of the notes of testimony at the cost of the county. See Commonwealth v. Cramer, 13 D. & C. 2d 655 (1957). His allegation that he cannot have access to the courts for remedy is answered in Commonwealth ex rel. Sleighter v. Banmiller, 392 Pa. 133, 142 (1958), supra, where the court pointed out that "Defendant's application for a transcript was made long after the time when there was any avenue open to him for obtaining a review of his conviction," and, therefore, his constitutional rights are not infringed since his failure to obtain appellate review cannot be attributed to the lack of a trial transcript.

In addition to requesting a copy of the notes of testimony, petitioner asks for certified copies of the

indictments and the mittimus. He may receive copies of all papers on file by application to the clerk of courts. He also asks for a certified copy of preliminary hearing and all auxiliary proceedings reported and a certified copy of a search warrant issued in Maryland. There are no such papers in the custody of this court.

The petition must be denied.

And now, July 8, 1961, it is ordered and decreed that the petition filed in this case be transferred from the court of common pleas to the court of oyer and terminer and that said petition be denied.